IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE MARTINEZ,

    Plaintiff,                       No. CIV S-10-0366 GGH P

    vs.

EVERETT W. FISCHER, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated when he was validated as a gang member and placed in the Security Housing Unit. Presently pending is plaintiff's motion to compel production of redacted and unredacted confidential memorandum used to in the gang validation process.

        The process constitutionally due to an inmate placed in segregation depends on whether the placement is disciplinary or administrative. Toussaint v. McCarthy, 801 F.2d 1080, 1099 (9th Cir. 1986). In Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003), the Ninth Circuit determined that California's policy of placing suspected gang members in segregation is an administrative decision, undertaken to preserve order in the prison. When an inmate is placed in segregation for administrative purposes, due process requires only the following procedures:

1

1  Prison officials must hold an informal nonadversary hearing within a reasonable
2  time after the prisoner is segregated.  The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation.
3  Prison officials must allow the prisoner to present his views.... [D]ue process [ ] does not require detailed written notice of charges, representation by counsel or
4  counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation.

5  Toussaint, 801 F.2d at 1100-01 (footnote omitted).

6  Prisoners are entitled to the minimal procedural protections of adequate notice and
7  an opportunity to be heard.  Bruce, 351 F.3d at 1287.  In addition to these minimal protections,
8  there must be "some evidence" supporting the decision to place a prisoner in segregated housing.
9  Id. (citing Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)).

10  The "some evidence" standard sets a low bar, consistent with the recognition that
11  assignment of inmates within prisons is "essentially a matter of administrative discretion,"
12  subject to "minimal legal limitations."  Bruce, 351 F.3d at 1287 (citing Toussaint, 801 F.2d 1080,
13  with respect to the minimal limitations).  A single piece of evidence may be sufficient to meet the
14  "some evidence" requirement, if that evidence has "sufficient indicia of reliability."  Id. at 1288;
15  Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) ("relevant question is whether there is *any*
16  evidence in the record that *could* support the conclusion reached by the disciplinary board"
17  (citing Hill, 472 U.S. at 455-56 (emphases in original)).

18  The documents that plaintiff seeks production of are immaterial and irrelevant for
19  this case.  Plaintiff's complaint contains exhibits that demonstrate that defendants relied on
20  multiple pieces of evidence to support plaintiff's gang validation.  The issue remaining is if
21  defendants provided the minimal procedural protections described in Bruce.  Plaintiff's motion to
22  compel is therefore denied.
23  \\\\\
24  \\\\\
25  \\\\\
26  \\\\\

2

1 | In accordance with the above, IT IS HEREBY ORDERED that plaintiff's
2 | December 20, 2010, motion to compel (Doc. 19) is denied.
3 | DATED: February 23, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
mart0366.cpl